UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN MERCIER, | |
| Plaintiff, | |
| -against- | **ECF CASE** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and MARK LAVORGNA, *Individually*, and MICHELE MCKITRICK, *Individually*, | 12 Civ. 2064 (AKH) |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST, SIXTH AND TENTH CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT IN THEIR ENTIRETY AND THE FOURTH, FIFTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION TO THE EXTENT THEY ALLEGE VIOLATIONS BASED UPON PLAINTIFF'S ALLEGED WHISTLEBLOWING ACTIVITY**

KAUFF MCGUIRE & MARGOLIS LLP
950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010
*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.............................................................................................1

STATEMENT OF RELEVANT FACTS.............................................................................3

LEGAL ARGUMENT ........................................................................................................4

I.   APPLICABLE LEGAL STANDARDS ....................................................................4

II.  THE FIRST CAUSE OF ACTION FOR VIOLATION OF THE FMLA MUST
     BE DISMISSED BECAUSE PLAINTIFF RECEIVED ALL LEAVE TO
     WHICH HE WAS ENTITLED ................................................................................5

III. PLAINTIFF CANNOT SUSTAIN A CAUSE OF ACTION UNDER NEW
     YORK LABOR LAW § 740 ....................................................................................8

IV.  PLAINTIFF'S REMAINING CLAIMS FOR RETALIATION, INCLUDING
     THE SIXTH CAUSE OF ACTION, HAVE BEEN WAIVED ................................11

CONCLUSION .................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..........................................................................................4, 5

*Barbosa v. Continuum Health Partners, Inc.,*
    716 F. Supp. 2d 210 (S.D.N.Y. 2010)..........................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................................4, 5

*Bones v. Prudential Fin., Inc.,*
    863 N.Y.S.2d 368 (N.Y. App. Div. 1st Dep't 2008).......................................12

*Bordell v. Gen. Elec. Co.,*
    88 N.Y.2d 869 (N.Y. 1996)...........................................................................10

*Capobianco v. Am. Stock Exch.,*
    649 N.Y.S.2d 688 (N.Y. App. Div. 1st Dep't 1996).....................................10

*Collette v. St. Luke's Roosevelt Hosp.,*
    132 F. Supp. 2d 256 (S.D.N.Y. 2001) .........................................................13

*Deshpande v. TJH Med. Servs.,*
    861 N.Y.S.2d 697 (N.Y. App. Div. 2d Dep't 2008).....................................11

*Di Giovanna v. Beth Israel Med. Ctr.,*
    651 F. Supp. 2d 193 (S.D.N.Y. 2009) ......................................................6, 7

*Feinman v. Morgan Stanley Dean Witter,*
    752 N.Y.S.2d 229 (N.Y. Sup. Ct. 2002)..................................................8, 11

*Hakim v. Hall,*
    2009 WL 5910310 (S.D.N.Y. Oct. 23, 2009) ...........................................8, 9

*In re Elevator Antitrust Litig.,*
    502 F.3d 47 (2d Cir. 2007).............................................................................5

*Khan v. SUNY Health Sci. Ctr. at Brooklyn,*
    734 N.Y.S.2d 92 (N.Y. App. Div. 2d Dep't 2001) ........................................10

*Kramsky v. Chetrit Group, LLC,*
    2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010)....................................12, 13, 14

*Lamagna v. New York State Ass'n for Help of Retarded Children, Inc.,*
    551 N.Y.S.2d 556 (N.Y. App. Div. 2d Dep't 1990) ........................................9

*Liebowitz v. Bank Leumi Trust Co. of New York,*
  548 N.Y.S.2d 513 (N.Y. App. Div. 2d Dep't 1989)........................................... 9

*Nicholls v. Brookdale Univ. Hosp. Med. Ctr.,*
  2004 WL 1533831 (E.D.N.Y. Jul. 9, 2004) ....................................................12, 13, 14

*Owitz v. Beth Israel Med. Ctr.,*
  1 Misc.3d 912(A), 2004 WL 258087 (N.Y. Sup. Ct. Jan. 29, 2004) ...................9, 11, 12

*Penberg v. Healthbridge Mgmt.,*
  823 F. Supp. 2d 166 (E.D.N.Y. 2011)..........................................................6, 7

*Reddington v. Staten Island Univ. Hosp.,*
  511 F.3d 126 (2d Cir. 2007) .......................................................................13

*Remba v. Fed'n Employment & Guidance Servs.,*
  76 N.Y.2d 801 (1990)...................................................................................... 9

*Serby v. New York City Dep't of Educ.,*
  2012 WL 928194 (E.D.N.Y. Mar. 19, 2012) .............................................6, 7

*Shipkevich v. Staten Island Univ. Hosp.,*
  2009 WL 1706590 (E.D.N.Y. Jun. 16, 2009)...............................................12

*Yanklowski v. Brockport Central Sch. Dist.,*
  795 F. Supp. 2d 426 (W.D.N.Y. 2011) .........................................................7

**STATUTES**

Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ...........................*passim*

N.Y.C. ADMIN. CODE § 8-107(19) ..............................................................................1

N.Y. LABOR LAW § 740 ..........................................................................................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)................................................................................... 1, 4, 5

Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Michele McKitrick and Mark Lavorgna (collectively, "Defendants"), submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the First, Sixth and Tenth Causes of Action in Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Defendants also move to dismiss the Fourth, Fifth, Seventh, Eighth and Ninth Causes of Action to the extent that such claims allege retaliation, because New York Labor Law § 740 requires their dismissal as they seek to remedy the same retaliation for "whistleblowing" for which Plaintiff seeks relief under Section 740 in the Tenth Cause of Action.

## PRELIMINARY STATEMENT

Plaintiff, a former employee of Verizon, appears to allege, among other things, that (1) Defendants violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") by denying Plaintiff leave to which he was entitled (First Cause of Action); (2) Defendant Verizon violated New York Labor Law § 740 ("Section 740"), which prohibits an employer from taking retaliatory action against an employee who discloses or threatens to disclose a violation that creates a substantial and specific danger to the public health or safety, by retaliating against him for providing testimony in a sexual harassment investigation (Tenth Cause of Action); and (3) Defendants violated the New York City Human Rights Law ("NYC HRL"), Administrative Code § 8-107(19), by interfering with his right to aid someone else in the exercise of their rights under the NYC HRL (Sixth Cause of Action).[1]  These Causes of Action must be dismissed

---

[1] Plaintiff recites his causes of action in an especially vague, conclusory manner, primarily quoting from the referenced statutes and then often stating merely that Defendants have violated the statutes as set forth therein. (*See* Cmpl. ¶¶ 58, 74, 78, 82, 95.)  Defendants have attempted to discern the gravamen of

because Plaintiff fails to plead, and is incapable of pleading, sufficient facts to show his entitlement to relief for these claims.

The First Cause of Action must be dismissed because it is plain on the face of the Complaint that Plaintiff received and took more than 12 weeks of medical leave, which is all that he is entitled to under the FMLA. Accordingly, Plaintiff cannot plead a claim for denial of benefits under the FMLA, and the First Cause of Action must be dismissed.

Plaintiff also fails to state a claim for retaliation under Section 740 in his Tenth Cause of Action. Plaintiff has entirely misconstrued the purpose of Section 740's whistleblowing protection, which is directed only to threats to the public health or safety. In short, to be entitled to protection under New York's Whistleblower Act, a plaintiff must demonstrate an actual violation (not just a good faith belief) of a law, rule or regulation that creates a substantial and specific danger to the public health or safety. First and foremost, Plaintiff's alleged involvement in a prior and unrelated sexual harassment investigation did not relate to conduct creating a danger to the public health or safety (nor has Plaintiff even attempted to plead any such danger). Second, Plaintiff has not and cannot allege an actual violation of any law, rule or regulation. As such, the Tenth Cause of Action must be dismissed.

Finally, by instituting a claim under Section 740, Plaintiff has waived any other rights and remedies he may have for alleged retaliation under Section 740's election of remedies provision. *See* N.Y. LABOR LAW § 740(7). It is black letter law that this waiver occurs upon the mere filing of a Section 740 claim and applies even if the

---

Plaintiff's First, Sixth and Tenth Causes of Action from the allegations in the Complaint as a whole and the statutory provisions he claims have been violated.

Section 740 claim is dismissed as legally deficient. Consequently, the Sixth Cause of

Action, which appears to allege a claim for retaliation under the NYC HRL for Plaintiff's

participation in the harassment investigation, must be automatically dismissed as

waived by Plaintiff's election to file a claim under Section 740 (the Tenth Cause of

Action) for that alleged retaliation. Furthermore, to the extent that the Fourth, Fifth,

Seventh, Eighth and Ninth Causes of Action appear also to raise claims of retaliation for

the same "whistleblowing" under the NYC HRL or the New York State Human Rights

Law ("NYS HRL") which Plaintiff claims in the Tenth Cause of Action violated Section

740, those claims must also be dismissed as waived under Section 740.

## **STATEMENT OF RELEVANT FACTS**

For purposes of this motion only, Defendants assume (as they must) that

the factual allegations set forth in the Complaint are true. The facts relevant to

Defendants' partial motion to dismiss are as follows:

Plaintiff Steven Mercier began working for Verizon on or about December

26, 2009 at its office located on the 8th Floor of 915 Broadway, in Manhattan. (Cmpl. ¶

29.) On or about November 30, 2010,[2] Plaintiff underwent knee surgery and was

thereafter hospitalized for pulmonary embolism and was out of work on disability leave.

(Cmpl. ¶¶ 34-35.) While Plaintiff was out on disability leave, Plaintiff allegedly testified

at the Federal Justice Department in New Jersey regarding a sexual harassment suit

filed by another Verizon employee, Janine Ascencao. (Cmpl. ¶ 35.)[3] Plaintiff's alleged

---

[2] The Complaint alleges that Plaintiff underwent surgery on November 30, 2011 but Defendants believe
that this is a typographical error – and the correct date is November 30, 2010 – as Plaintiff later alleges
that he returned from disability leave on March 5, 2011. (*See* Cmpl. ¶ 38.) Plaintiff was no longer
employed as of November 30, 2011 (*See* Cmpl. ¶¶ 49-50).

[3] Although it does not matter for purposes of this motion, Plaintiff did not testify at the Federal Justice
Department in a suit brought by Janine Ascencao. (*See* Cmpl. ¶ 35.) Presumably, Plaintiff is referring to

testimony apparently involved Defendant Verizon's alleged violation of employment laws. (Cmpl. ¶ 35.)  Notably, Plaintiff does not specify exactly what violations he testified about, nor does he allege that such violations created any danger to the public health or safety.  Plaintiff also fails to allege that Verizon was found to have actually violated any such "employment laws."  Plaintiff returned from his disability leave approximately 13 weeks later, on March 5, 2011. (Cmpl. ¶ 38.)  After returning from leave, Defendants allegedly discriminated against Plaintiff "because of his disability and testimony at the aforementioned sexual harassment proceeding." (Cmpl. ¶ 46.)  Plaintiff's employment with Verizon was terminated in November 2011. (Cmpl. ¶¶ 49-50.)

## LEGAL ARGUMENT

I.   **APPLICABLE LEGAL STANDARDS.**

To survive a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court further clarified that

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

---

having appeared at the Federal Equal Employment Opportunity Commission ("EEOC") during its investigation of a charge of discrimination filed by Ms. Ascencao.

While the Court must construe the pleadings in the light most favorable to Plaintiff and accept as true all material allegations in the Complaint and any reasonable inferences to be drawn therefrom, (*see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)), a complaint must be dismissed for failure to state a claim under Fed R. Civ. P. 12(b)(6) if the factual allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) ("The Supreme Court's landmark decisions in [*Twombly*] and [*Iqbal*] arguably shifted pleading standards from 'simple notice pleading' to a more 'more heightened form of pleading,' requiring that allegations in a complaint meet a standard of 'plausibility' to survive a motion to dismiss."). The standards set out in *Twombly* and *Iqbal* require that the plaintiff set forth enough facts "to nudge [plaintiff's] claims across the line from conceivable to plausible." *In re Elevator Antitrust Litig.*, 502 F.3d at 50 (quoting *Twombly*, 550 U.S. at 570). "Where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged – but it has not *shown* – that the pleader is entitled to relief" and therefore it should be dismissed. *Iqbal*, 556 U.S. at 679 (internal citations omitted) (emphasis added).

Plaintiff's claims for denial of benefits under the FMLA and retaliation under Section 740 fall well short of this standard and therefore should be dismissed.

II. **THE FIRST CAUSE OF ACTION FOR VIOLATION OF THE FMLA MUST BE DISMISSED BECAUSE PLAINTIFF RECEIVED ALL LEAVE TO WHICH HE WAS ENTITLED.**

For the First Cause of Action, Plaintiff merely recites the portion of the FMLA setting forth that an eligible employee is entitled to take 12 weeks of leave during any 12-month period because of a serious health condition that renders the employee

unable to perform the functions of his job and then alleges that "Defendants violated Plaintiff's FMLA rights as cited above." (Cmpl. ¶¶ 57-58.) Despite the vague and conclusory nature of these allegations, it appears that the the First Cause of Action is a claim for denial of leave to which he was entitled under the FMLA (referred to in case law, as discussed *infra,* as an "interference" claim). As it is plain on the face of the Complaint that Plaintiff was on leave for approximately 13 weeks—one week more than the statutory requirement—and Plaintiff was reinstated at the end of such leave, it is beyond dispute that any claim for denial of benefits under the FMLA must be dismissed as a matter of law.

The FMLA provides, in relevant part, that an eligible employee may take a total of 12 workweeks of leave during any 12-month period because of the employee's serious health condition that renders him unable to perform the functions of his position. 29 U.S.C. § 2612(a)(1). Courts in this Circuit have recognized two types of FMLA claims – interference claims and retaliation claims. *See Serby v. New York City Dep't of Educ.,* No. 09-CV-2727, 2012 WL 928194, *6 (E.D.N.Y. Mar. 19, 2012); *Di Giovanna v. Beth Israel Med. Ctr.,* 651 F. Supp. 2d 193, 198-99 (S.D.N.Y. 2009). Interference claims are appropriate when an employer impedes the employee's exercise of his substantive rights under the statute; retaliation claims, in contrast, arise when an employee suffers an adverse employment action for requesting or taking leave. *See, e.g., Penberg v. Healthbridge Mgmt.,* 823 F. Supp. 2d 166, 179 (E.D.N.Y. 2011) (noting that where a plaintiff "does not claim that defendant in any way discouraged him from taking leave or prohibited him from exercising his rights under the FMLA" but "claims only that defendant punished him for exercising his rights under the FMLA," the plaintiff has asserted a retaliation claim, not an interference claim). Defendants do not dispute at

this juncture that Plaintiff may have adequately pleaded a claim for FMLA retaliation in the Second Cause of Action. However, the First Cause of Action, which can only be interpreted as an interference claim, fails as a matter of law.

In FMLA interference cases, a plaintiff may establish a *prima facie* case by demonstrating (1) that he is an "eligible employee" under the FMLA; (2) that the defendant is an "employer" as defined in the FMLA; (3) that he was entitled to leave under the FMLA; (4) that he gave notice to defendant of his intention to take leave; and (5) that he was denied benefits to which he was otherwise entitled under the FMLA. *See, e.g., Di Giovanna*, 651 F. Supp. 2d at 199. Here, Plaintiff was on disability leave for nearly 13 weeks (from November 30, 2010 until March 5, 2011) (Cmpl. ¶¶ 34, 35, 38); thus, he received *more* leave than he was entitled to under the FMLA. Further, Plaintiff returned to work on March 5, 2011 to the position he held prior to his leave. (Cmpl. ¶ 38.) It is therefore plain on the face of the Complaint that Plaintiff has failed to allege, as required, that he was denied benefits to which he was entitled under the FMLA. *See, e.g., Penberg*, 823 F. Supp. 2d at 179 (finding no basis for plaintiff's FMLA interference claim where plaintiff only alleges that an adverse employment action was taken "*after* he took leave"); *Yanklowski v. Brockport Central Sch. Dist.*, 795 F. Supp. 2d 426, 428 (W.D.N.Y. 2011) (granting employer's motion to dismiss FMLA interference claim where "Plaintiff has not produced any evidence that she was denied any benefit to which she was entitled"). Nor has Plaintiff alleged any facts suggesting that Defendants interfered with or discouraged him from taking medical leave. *See Serby*, 2012 WL 928194 at *6 ("plaintiff must show, *inter alia*, that 'defendant denied or otherwise interfered with benefits to which [he] was entitled under the FMLA.'") (internal citations omitted).

Accordingly, Plaintiff has failed to allege facially plausible facts sufficient to establish a claim for interference under the FMLA, and the First Cause of Action must therefore be dismissed.

III.   **PLAINTIFF CANNOT SUSTAIN A CAUSE OF ACTION UNDER NEW YORK LABOR LAW § 740.**

Plaintiff's Tenth Cause of Action groundlessly asserts that Defendant Verizon violated the whistleblowing protections established in New York Labor Law § 740 by retaliating against Plaintiff, seemingly for testifying in an unrelated sexual harassment investigation.  (Cmpl. ¶¶ 92-95.)  Plaintiff has clearly failed to allege facts sufficient to meet the requirements for an actionable claim under Section 740, however, because Plaintiff's alleged "testimony" relating to alleged sexual harassment did not concern conduct by Defendants that created a substantial and specific danger to the public health or safety.  An additional, fatal defect in the Complaint is Plaintiff's failure to plead that there has been any actual violation by Verizon of any law, rule or regulation.  Therefore, the Tenth Cause of Action must be dismissed.

Most importantly, Section 740 is only applicable "where the violation of law that is disclosed presents a substantial and specific danger to the public health and safety." *Feinman v. Morgan Stanley Dean Witter*, 752 N.Y.S.2d 229, 232 (N.Y. Sup. Ct. 2002) (*citing Remba v. Fed'n Employment & Guidance Servs.*, 76 N.Y.2d 801, 559 N.Y.S.2d 961, 962 (1990)).  A substantial and specific danger to public health and safety certainly is not implicated where, as here, the allegedly disclosed violation concerns sexual harassment or other discriminatory treatment.  *See Hakim v. Hall*, Nos. 09 Civ. 860, 09 Civ. 861, 2009 WL 5910310, *11 (S.D.N.Y. Oct. 23, 2009) ("This Court fails to see what kind of a substantial and specific present danger Defendants' allegedly

discriminatory actions pose to the public's health and safety."). In particular, Plaintiff has alleged only that he testified "in a sexual harassment suit filed by Janine Ascencao . . . . regarding Defendant Verizon's employment violations against Janine Ascencao." (Cmpl. ¶ 35.) Plaintiff fails to state in what manner he believes Defendant Verizon violated the law with respect to Ms. Ascencao's employment rights or how such violations endangered the public health and safety. Put simply, regarding the latter—an essential element of Plaintiff's Section 740 claim—even the most liberal interpretation of the Complaint does not at all describe an activity, policy or practice that created a substantial and specific danger to public health or safety. *See, e.g., Hakim*, 2009 WL 5910310 at *11.[4] Thus, even to the extent that Defendant Verizon may have violated some law, rule or regulation with respect to Ms. Ascencao (which certainly does not appear to be the case from the face of the Complaint, and which Defendant Verizon vigorously denies and will easily demonstrate the Federal EEOC so concluded), Plaintiff simply does not and cannot allege that any such violation created a substantial danger to public health or safety and his Section 740 must therefore be dismissed. *See Owitz v. Beth Israel Med. Ctr.*, 1 Misc.3d 912(A), 2004 WL 258087, *2 (N.Y. Sup. Ct. Jan. 29, 2004) ("The Courts have held that it is essential to the viability of a Labor Law § 740 claim that the plaintiff specify the law, rule or regulation that has actually been violated

---

[4] *See also Remba v. Fed'n Employment & Guidance Servs.*, 76 N.Y.2d 801, 802 (1990) (concluding, after reviewing the legislative history, that complaints regarding fraudulent billing are "not the type of violation[s] which creates a substantial and specific danger to the public health or safety" and noting that any expansion of the statute to create additional protection outside the public health or safety "must come from the Legislature"); *Lamagna v. New York State Ass'n for Help of Retarded Children, Inc.*, 551 N.Y.S.2d 556, 556 (N.Y. App. Div. 2d Dep't 1990) (finding that "allegations of fiscal improprieties do not portend 'a substantial and specific danger to the public health or safety' and thus, do not fall within the ambit of [Section 740]") (internal citations omitted); *Liebowitz v. Bank Leumi Trust Co. of New York*, 548 N.Y.S.2d 513 (N.Y. App. Div. 2d Dep't 1989)(explicitly rejecting plaintiff's argument that the reporting of any illegal activity, such as fraudulent activities and violation of banking laws, is sufficient to fall within the protections of Section 740, and holding that the alleged illegal activity must also present a substantial and specific danger to the public health).

by defendants' behavior, *and* that he describe how defendants' activities have endangered the health or safety of the public.  If the plaintiff fails to satisfy one or both of these prerequisites, the Court must dismiss the Labor Law § 740 cause of action.") (emphasis in original).

       As noted, in order to plead a viable cause of action under Section 740, a plaintiff must allege facts demonstrating that the employer engaged in an activity, policy, or practice that constituted an *actual – i.e.*, not perceived – violation of law, rule or regulation. *See, e.g., Bordell v. Gen. Elec. Co.*, 88 N.Y.2d 869, 871 (N.Y. 1996) (stating that "a cause of action predicated on Labor Law § 740 requires proof of an actual violation"); *Capobianco v. Am. Stock Exch.*, 649 N.Y.S.2d 688, 689 (N.Y. App. Div. 1st Dep't 1996) (holding that "[p]laintiff's claim [under] Labor Law § 740 . . . is without merit, since his submissions fail to satisfy the requirement of an 'actual' violation of law"); *Khan v. SUNY Health Sci. Ctr. at Brooklyn*, 734 N.Y.S.2d 92, 93 (N.Y. App. Div. 2d Dep't 2001) ("An employee's good-faith reasonable belief that an actual violation of a law, rule, or regulation occurred is insufficient; there must be an actual violation."). Here, Plaintiff fails to cite to *any actual* violation of law in the Complaint, or allege any facts that would constitute a violation of law.  At best, Plaintiff has posited merely his own belief that a violation occurred, which courts have routinely held insufficient to support a cause of action under Section 740. *See, e.g., Khan*, 734 N.Y.S.2d at 93.

       Accordingly, Plaintiff's Tenth Cause of Action should be dismissed because Plaintiff has not, and indeed cannot, demonstrate that he complained of any actual violation of law, rule or regulation that endangered the public health or safety as required under Section 740.

IV.   **PLAINTIFF'S REMAINING CLAIMS FOR RETALIATION, INCLUDING THE SIXTH CAUSE OF ACTION, HAVE BEEN WAIVED.**

By initiating a claim for retaliation under Section 740, Plaintiff has waived any other retaliation claim he might have that arises out of the same "whistleblowing" conduct as his Section 740 claim. The law is clear that this waiver applies even if, as is the case here, Plaintiff's Section 740 claim fails to state a claim for relief. Accordingly, at a minimum, Plaintiff's Sixth Cause of Action, which appears to allege retaliation for his whistleblowing participation in the Ascencao investigation, must be dismissed. In addition, to the extent that any portion of the Fourth, Fifth, Seventh, Eighth and Ninth Causes of Action allege claims for retaliation based on such alleged whistleblowing, those claims must also be dismissed.

Section 740 contains an election of remedies provision that states that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under *any other* contract, collective bargaining agreement, law, rule or regulation or under the common law." N.Y. Labor Law § 740(7) (emphasis added). State courts have consistently applied this waiver provision literally, and routinely dismiss as waived "all claims that 'arise out of the same acts' as those that gave rise to the Labor Law § 740 claim, and/or that 'relate to' the retaliatory action(s)"— such as termination of employment—"on which the § 740 claim is based." *Owitz*, 2004 WL 258087 at *3. In fact, state courts have routinely applied this waiver to all types of discrimination claims under the NYS HRL and NYC HRL. *See, e.g.*, *Feinman*, 752 N.Y.S.2d at 232 (dismissing NYS HRL age discrimination claim as waived); *Owitz*, 2004 WL 258087 at *3 (dismissing sexual harassment claims under the NYS HRL and NYC HRL as waived); *Deshpande v. TJH Med. Servs.*, 861 N.Y.S.2d 697, 700 (N.Y. App. Div.

2d Dep't 2008) (dismissing claims for national origin retaliatory discharge under the NYS HRL and NYC HRL).

New York federal district courts, however, have adopted an interpretative approach to Section 740's waiver, (*see, e.g., Kramsky v. Chetrit Group, LLC*, No. 10 CV 2638, 2010 WL 4628299, *5 (S.D.N.Y. Nov. 16, 2010) (noting that federal courts follow a more narrow interpretation than the state courts); *Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008, 2009 WL 1706590, *4 (E.D.N.Y. Jun. 16, 2009) (noting conflict between state and federal court interpretations)), and one significant decision referenced below applied the waiver provision in an exceedingly narrow manner. Nonetheless, analysis of the federal court decisions applying a more forgiving standard to Section 740's waiver provision inescapably leads to the conclusion that Plaintiff's claims of retaliation for his "whistleblowing" testimony in the Ascencao investigation (stated or implied in various causes of action in the Complaint) must be dismissed as they seek to remedy the same exact course of conduct by Verizon which Plaintiff has chosen to claim in the Tenth Cause of Action is a violation of Section 740.[5]

Indeed, the emerging consensus in the Circuit is that the waiver required by Section 740 applies to all other claims for the same "whistleblowing" retaliation. For example, in *Kramsky v. Chetrit Group, LLC, supra,* the Court allowed a plaintiff's

---

[5] Significantly, both New York state and federal courts agree that once a Section 740 claim has been filed, the waiver remains effective even if the Section 740 claim is dismissed. *See, e.g., Owitz*, 2004 WL 258087 at *4; *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233, 2004 WL 1533831, *7 (E.D.N.Y. Jul. 9, 2004) ("Plaintiff's claims based on conduct arising from defendants' retaliatory action cannot be revived merely because the collateral section 740 claims have been dismissed. The language of section 740 is clear and leads to a harsh result, but not an absurd one."). Moreover, this waiver cannot be cured by amending the Complaint to remove the Section 740 claim. *See, e.g., Bones v. Prudential Fin., Inc.*, 863 N.Y.S.2d 368, 368 (N.Y. App. Div. 1st Dep't 2008) (holding that "waiver may not be avoided by a plaintiff by amending the complaint to withdraw the Labor Law § 740 claim"); *Kramsky*, 2010 WL 4628299 at *4 ("[T]he filing of an amended pleading cannot change the rule that the section 740(7) waiver clause is triggered at the moment when a section 740 cause of action is filed, regardless of whether that cause of action is deleted via later amendment.").

claims of religious discrimination based on a hostile work environment to survive, but dismissed as waived all of the plaintiff's claims under the New York Labor Law and the NYC HRL for retaliatory discharge for complaining about smoking in the workplace, which was the underpinning of his Section 740 claim. *See* 2010 WL 4628299 at *5-6. *See also Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233, 2004 WL 1533831, *6 (E.D.N.Y. Jul. 9, 2004) (dismissing plaintiff's NYS HRL and NYC HRL claims to the extent they are "based on the alleged retaliation"). Therefore, even under the federal courts' interpretation of the Section 740 waiver provision, all of Plaintiff's claims of retaliation for his "testimony" in the Janine Ascencao case must be dismissed.

  *Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256 (S.D.N.Y. 2001), an older district court case on Section 740(7)'s waiver provision can, we submit, be reconciled with the more recent holdings cited above, which have not expressly repudiated it. There, the court ruled that the waiver should prohibit only "claims that duplicate or overlap the statutory remedies for retaliation on account of whistleblowing activity alone." *Id.* at 274. Plaintiff Mercier's Section 740 claim alleging retaliation for his alleged "testimony" in regard to the sexual harassment claimed by Ascencao appears to be no different than, *i.e.,* it overlaps entirely with, his other retaliation claims under the NY HRL and NYC HRL seeking to remedy the exact same alleged wrong by the Defendants. Nor does the Second Circuit's explanation that Section 740(7)'s waiver applies to "rights and remedies concerning whistleblowing" and not to claims that seek to address other employment discrimination wrongs weaken the Defendants' instant motion. *See, e.g.*, *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 134 (2d Cir. 2007) ("Federal district courts, in contrast, generally interpret the waiver as applying only to rights and remedies concerning whistleblowing and therefore deem it not to

apply, for example, to claims of employment discrimination.") (internal citations omitted).

Here, put simply, Defendants' motion is addressed only to Plaintiff's claims grounded in alleged retaliation for his alleged whistleblowing testimony in the Ascencao case.  Defendants' motion does not, in any respect, seek dismissal at this juncture of Plaintiff's claims grounded in alleged disability discrimination under Federal (FMLA retaliation – Second Cause of Action; ADA violation – Third Cause of Action), State (NY HRL) or City (NYC HRL) law.

For example, Plaintiff's Sixth Cause of Action, which is just as vague and conclusory as his other causes of action, appears to claim a violation of the NYC HRL's provision relating to coercion, intimidation, threats or interference with a "person on account of his having aided" another person in the exercise of rights protected by the NYC HRL.  We must therefore view this cause of action as seeking redress for Plaintiff having "aided" Janine Ascencao by giving alleged "whistleblowing" testimony in the investigation of her sexual harassment claim.  (Cmpl. ¶ 77.)  This is the exact same claim of retaliation that Plaintiff asserts under Section 740 in the Tenth Cause of Action. Accordingly, Plaintiff cannot escape the fact that this claim is barred by Section 740's waiver provision. *See Kramsky*, 2010 WL 4628299.  And, for that matter, to the extent that any portion of the Fourth, Fifth, Seventh, Eighth and Ninth Causes of Action are also based on alleged retaliation for his whistleblowing testimony in the Ascencao investigation, those claims have been irrevocably waived as well under the same prevailing weight of case law applying Section 740's waiver requirement. *See, e.g., Nicholls*, 2004 WL 1533831.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss the First, Sixth and Tenth Causes of Action in Plaintiff's Complaint in their entirety, as well as the Fourth, Fifth, Seventh, Eighth and Ninth Causes of Action to the extent that such claims are based on retaliation for the same whistleblowing alleged in the Tenth Cause of Action.

Dated:  New York, New York
        June 29, 2012

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By:

Harlan J. Silverstein (HJS-4114)
Erica E. Frank (EF-1007)

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

*Attorneys for Defendants*