UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN MERCIER, | |
| Plaintiff, | |
| -against- | **ECF CASE** |
| | 12 Civ. 2064 (AKH) |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and MARK LAVORGNA, *Individually*, and MICHELE MCKITRICK, *Individually*, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

KAUFF MCGUIRE & MARGOLIS LLP
950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010
*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY ................................................................................................... 3

STATEMENT OF RELEVANT FACTS ................................................................................. 4

LEGAL ARGUMENT .......................................................................................................... 5

I.     APPLICABLE LEGAL STANDARDS ..................................................................... 5

II.    THE AMENDED COMPLAINT FAILS TO COMPLY WITH THE COURT'S
       ORDER AND FAILS TO STATE A CLAIM FOR RELIEF ..................................... 6

III.   THE FIRST CAUSE OF ACTION MUST BE DISMISSED AS TO ANY
       ALLEGED CLAIM FOR INTERFERENCE UNDER THE FMLA .......................... 9

IV.    ANY CLAIMS OF RETALIATION FOR PLAINTIFF'S TESTIMONY IN
       THE SEXUAL HARASSMENT INVESTIGATION HAVE BEEN
       IRREVOCABLY WAIVED ..................................................................................... 12

CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aguilar v. Kirschenbaum & Phillips, P.C.,*
No. 11-cv-1085, 2012 WL 1744852 (E.D.N.Y. May 15, 2012)............................................8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)........................................................................................................6

*Barbosa v. Continuum Health Partners, Inc.,*
716 F. Supp. 2d 210 (S.D.N.Y. 2010) ...........................................................................6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007).....................................................................................................5, 6

*Bones v. Prudential Fin., Inc.,*
863 N.Y.S.2d 368 (N.Y. App. Div. 1st Dep't 2008) ........................................................16

*Collette v. St. Luke's Roosevelt Hosp.,*
132 F. Supp. 2d 256 (S.D.N.Y. 2001)..............................................................................14

*Deshpande v. TJH Med. Servs.,*
861 N.Y.S.2d 697 (N.Y. App. Div. 2d Dep't 2008).........................................................13

*Di Giovanna v. Beth Israel Med. Ctr.,*
651 F. Supp. 2d 193 (S.D.N.Y. 2009)...........................................................................9, 10

*Feinman v. Morgan Stanley Dean Witter,*
752 N.Y.S.2d 229 (N.Y. Sup. Ct. 2002) ..........................................................................13

*Grindstaff v. Sun Chem. Corp.,*
No. 09-cv-450, 2010 WL 4878953 (S.D. Ohio Nov. 22, 2010)......................................11

*Hernandez v. U.S. Supreme Court of N.Y. County,*
No. 96 Civ. 4160, 1997 WL 582879 (S.D.N.Y. Sept. 18, 1997) ....................................5, 8

*In re Elevator Antitrust Litig.,*
502 F.3d 47 (2d Cir. 2007) ..............................................................................................6

*Kramsky v. Chetrit Group, LLC,*
No. 10 CV 2638, 2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010)..........................13, 14, 16

*Lewis v. Rawson,*
564 F.3d 569 (2d Cir. 2009)............................................................................................. 8

*Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*,
 No. 03-CV-6233, 2004 WL 1533831 (E.D.N.Y. Jul. 9, 2004)...................................14, 16

*Owitz v. Beth Israel Med. Ctr.*,
 1 Misc.3d 912(A), 2004 WL 258087 (N.Y. Sup. Ct. Jan. 29, 2004)..............................13

*Penberg v. Healthbridge Mgmt.*,
 823 F. Supp. 2d 166 (E.D.N.Y. 2011)...........................................................................9, 10

*Reddington v. Staten Island Univ. Hosp.*,
 511 F.3d 126 (2d Cir. 2007) ("Federal district courts, in contrast, generally
 interpret the waiver as applying only to rights and remedies concerning
 whistleblowing and therefore deem it not to apply, for example, to claims of
 employment discrimination.")..............................................................................15

*Reilly v. Revlon, Inc.*,
 620 F. Supp. 2d 524 (S.D.N.Y. 2009)........................................................................10, 11

*Salahuddin v. Cuomo*,
 861 F.2d 40 (2d Cir. 1988)...........................................................................................5, 8

*Serby v. New York City Dep't of Educ.*,
 No. 09-CV-2727, 2012 WL 928194 (E.D.N.Y. Mar. 19, 2012)..........................................9

*Shipkevich v. Staten Island Univ. Hosp.*,
 No. 08-CV-1008, 2009 WL 1706590 (E.D.N.Y. Jun. 16, 2009)......................................13

*Soehner v. Time Warner Cable, Inc.*,
 No. 08-cv-166, 2009 WL 3855176 (S.D. Ohio Nov. 16, 2009).......................................11

*Tafari v. Rock*,
 No. 10-cv-0729, 2012 WL 1340799 (E.D.N.Y. Apr. 18, 2012)..........................................8

*Volpe v. Johnson*,
 No. 09-cv-2065, 2009 WL 3738604 (E.D.N.Y. Nov. 5, 2009)...........................................5

*Wendell Bail Bonding Co. #0811 v. Cuomo*,
 No. 10-cv-4022, 2011 WL 5546929 (E.D.N.Y. Nov. 10, 2011)..........................................8

*Yanklowski v. Brockport Central Sch. Dist.*,
 795 F. Supp. 2d 426 (W.D.N.Y. 2011)............................................................................10

*Zahler v. Empire Merch., LLC*,
 No. 11-cv-3163, 2012 WL 273698 (E.D.N.Y. Jan. 31, 2012)...........................................11

**STATUTES**

Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*..................................1, 7

New York City Human Rights Law ("NYC HRL"), Administrative Code § 8-107 ...... *passim*

Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* ............... *passim*

N.Y. LABOR LAW § 740 ........................................................................................................ *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ...................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 2, 6, 8, 9

Fed. R. Civ. P. 41(b) ........................................................................................................8

4826-8544-5904.5

## PRELIMINARY STATEMENT

Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Michele McKitrick and Mark Lavorgna (collectively, "Defendants"), submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Amended Complaint in its entirety for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP") and, therefore, failure to state a claim upon which relief can be granted under FRCP 12(b)(6).  In the alternative, Defendants move to dismiss (a) the First Cause of Action for failure to state a claim upon which relief can be granted to the extent it alleges a claim for "interference" under the Family and Medical Leave Act, and (b) the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action to the extent that such claims allege retaliation for Plaintiff's participation in the sexual harassment investigation that formed the basis of Plaintiff's previously alleged claim under New York Labor Law § 740 ("Section 740"), as those claims were waived by Plaintiff's filing of a claim under Section 740 in his Initial Complaint.

Plaintiff, a former employee of Verizon, appears to allege, among other things, that (1) Defendants violated the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, by interfering with Plaintiff's medical leave and retaliating against Plaintiff for taking medical leave (First Cause of Action); (2) Defendant Verizon violated the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, by discriminating against Plaintiff because of his disability or perceived disability and then retaliating against him (Second and Third Causes of Action); and (3) Defendants violated various provisions of the New York City Human Rights Law ("NYC HRL"), Administrative Code § 8-107, by discriminating against him because of his actual

or perceived disability, aiding and abetting such discrimination, interfering with his right to aid someone else in the exercise of their rights under the NYC HRL, and discriminating against him because of his opposition to allegedly unlawful employment practices (Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action).[1]

In its July 3, 2012 Order concerning Plaintiff's Initial Complaint, the Court ruled that the Complaint violated FRCP 8(a), and ordered Plaintiff to amend the Complaint within 10 days to "provide a 'short and plain statement' of each claim, showing his entitlement to the relief that he seeks for each claim" and arrange facts "in relation to each claim" and "not bunched in a narrative." (July 3, 2012 Order, Docket No. 11.) Because the Amended Complaint still violates FRCP 8(a) and has not come anywhere close to complying with this Court's July 3rd Order, it fails to state a claim upon which relief can be granted and must be dismissed under FRCP 12(b)(6).[2]

Alternatively, if the Court finds that the Amended Complaint sufficiently complies with FRCP 8(a) and its Order, certain of Plaintiff's claims should still be dismissed. The First Cause of Action should be dismissed to the extent that it alleges any claim for "interference" under the FMLA. It is plain on the face of the Amended Complaint that Plaintiff received and took just over 12 weeks of medical leave, which is all that he is entitled to under the FMLA. Furthermore, asking Plaintiff to participate in

---

[1] Defendants filed a partial motion to dismiss Plaintiff's Initial Complaint on June 29, 2012. On July 3, 2012, the Court issued an order denying the motion as premature because of the insufficiency of the Complaint as a whole.

[2] As with his Initial Complaint, Plaintiff recites his Causes of Action in the Amended Complaint in an especially vague and conclusory manner, primarily quoting from the referenced statutes and often stating merely that Defendants have violated the statutes as set forth therein. (See, e.g., Am. Cmpl. ¶¶ 73, 77, 81.) The Amended Complaint, like the Initial Complaint, also largely fails to differentiate among the Defendants with respect to the various alleged statutory violations in the Causes of Action advanced, as noted, without including any factual allegations. Defendants have attempted to discern the gravamen of Plaintiff's Causes of Action against each of them from the allegations in the Amended Complaint as a whole and the statutory provisions he claims have been violated.

a sexual harassment investigation while on medical leave (a re-cast allegation) does not constitute "interference" under the FMLA as a matter of law.  Accordingly, Plaintiff has not pleaded a viable claim for interference under the FMLA, and the First Cause of Action must be dismissed to the extent that it may allege any such claim.

In addition, by instituting a claim under New York Labor Law Section 740 in the Initial Complaint, Plaintiff has waived any other rights and remedies he may have grounded in alleged retaliation for his participation in the harassment investigation under Section 740's election of remedies provision.  *See* N.Y. LABOR LAW § 740(7).  It is black letter law that this waiver occurs upon the mere filing of a Section 740 claim and applies even if the Section 740 claim is later removed through amendment.  Consequently, to the extent that the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action appear to raise claims of retaliation for the same "whistleblowing" which Plaintiff originally raised in the Tenth Cause of Action in the Initial Complaint, those claims must also be dismissed as waived under Section 740.

## PROCEDURAL HISTORY

Plaintiff filed his Initial Complaint on or about March 21, 2012 (the "Initial Complaint").[3]  (Docket No. 1.)  On June 29, 2012, Defendants moved to dismiss the First, Sixth and Tenth Causes of Action in the Initial Complaint in their entirety, as well as the Fourth, Fifth, Seventh, Eighth and Ninth Causes of Action to the extent that such claims were based on retaliation for the same "whistleblowing" activity alleged in the Tenth Cause of Action in the Initial Complaint.  (Docket No. 9.)  On July 3, 2012, the Court issued an Order denying Defendants' motion as premature, and requiring Plaintiff

---

[3] Defendants were not properly served with the Initial Complaint until Defendants' counsel accepted service on their behalf.  *See* Stipulation and Order dated June 18, 2012, Docket No. 5.

to file an amended complaint within ten (10) days because, as detailed therein, the Court found the Initial Complaint "generally violative of Fed. R. Civ. P. 8(a)." (Docket No. 11.) Plaintiff filed the instant Amended Complaint on or about July 16, 2012.[4]

## STATEMENT OF RELEVANT FACTS

For purposes of this motion only, Defendants assume (as they must) that the factual allegations set forth in the Amended Complaint are true. The facts relevant to Defendants' current motion to dismiss are as follows:

Plaintiff Steven Mercier began working for Verizon in or around December 2004. (Am. Cmpl. ¶ 29.) On or about November 30, 2010, Plaintiff underwent knee surgery and was thereafter hospitalized for a pulmonary embolism. (Am. Cmpl. ¶ 35.) Plaintiff went out on an authorized medical leave under the FMLA on or about December 8, 2010. (Am. Cmpl. ¶ 36.) While Plaintiff was out on FMLA leave, Plaintiff was allegedly asked to testify in a sexual harassment suit filed by another Verizon employee, Janine Ascencao; and Plaintiff allegedly did provide such testimony at the Federal Justice Department in New Jersey during his medical leave. (Am. Cmpl. ¶¶ 37-38.)[5] Plaintiff does not allege that he was required by Defendant Verizon to provide "testimony," or that he objected to providing such "testimony," while he was on leave; nor does he allege that participation in the investigation delayed or prevented his recovery in any way. Plaintiff returned from leave approximately 12 weeks later, on

---

[4] Plaintiff has not properly served the Amended Complaint on Defendants. The Amended Complaint was not simultaneously filed via ECF, which would have constituted service on Defendants; and it still has not been filed via ECF. Further, the only means by which Plaintiff's counsel delivered a copy of the Amended Complaint to Defendants' counsel was via e-mail (one day after it was due under the Court's July 3rd Order). Defendants never agreed to accept service via e-mail.

[5] Although it does not matter for purposes of this motion, Plaintiff did not testify at the Federal Justice Department in a suit brought by Janine Ascencao. (*See* Am. Cmpl. ¶ 38.) Presumably, Plaintiff is referring to having appeared at the Federal Equal Employment Opportunity Commission ("EEOC") during its investigation of a charge of discrimination filed by Ms. Ascencao.

March 5, 2011. (Am. Cmpl. ¶ 39.) After returning from leave, Defendants allegedly discriminated against Plaintiff "based on his disability and for his participation at [sic] the aforementioned sexual harassment proceeding." (Am. Cmpl. ¶ 51; *see also* ¶ 52.) Plaintiff's employment with Verizon was terminated in or around December 2011. (Am. Cmpl. ¶¶ 54.)

## LEGAL ARGUMENT

### I.   APPLICABLE LEGAL STANDARDS.

The Federal Rules of Civil Procedure provide that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). This requirement is intended to give the opposing party fair notice of the plaintiff's claim and the grounds upon which it rests. *See, e.g., Volpe v. Johnson*, No. 09-cv-2065, 2009 WL 3738604, *2 (E.D.N.Y. Nov. 5, 2009). When a complaint fails to comply with this requirement, the Court has the power to dismiss the complaint. *See, e.g., Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although dismissal is usually reserved for extreme violations, and the Court has the discretion to grant leave to amend, the Court may dismiss "without leave to amend in extraordinary circumstances, such as where leave to amend has been previously given and the successive pleadings remain prolix and unintelligible." *Id.*; *see also Hernandez v. U.S. Supreme Court of N.Y. County*, No. 96 Civ. 4160, 1997 WL 582879, *2 (S.D.N.Y. Sept. 18, 1997).

In addition to giving fair notice of his claims and the grounds on which they rest, a plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the

Court must construe the pleadings in the light most favorable to Plaintiff and accept as true all material allegations in a complaint and any reasonable inferences to be drawn therefrom, (*see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)), a complaint must be dismissed for failure to state a claim under FRCP 12(b)(6) if the factual allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) ("The Supreme Court's landmark decisions in [*Twombly*] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] arguably shifted pleading standards from 'simple notice pleading' to a 'more heightened form of pleading,' requiring that allegations in a complaint meet a standard of 'plausibility' to survive a motion to dismiss."). The standards set out in *Twombly* and *Iqbal* require that the plaintiff set forth enough facts "to nudge [plaintiff's] claims across the line from conceivable to plausible." *In re Elevator Antitrust Litig.*, 502 F.3d at 50 (quoting *Twombly*, 550 U.S. at 570). "Where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged – but it has not *shown* – that the pleader is entitled to relief" and therefore it should be dismissed. *Iqbal*, 556 U.S. at 679 (internal citations omitted) (emphasis added).

II. **THE AMENDED COMPLAINT FAILS TO COMPLY WITH THE COURT'S ORDER AND FAILS TO STATE A CLAIM FOR RELIEF.**

The Court's July 3rd Order reflects the Court's determination that Plaintiff's Initial Complaint violated FRCP 8(a), as it was "inordinately confusing [and] prolix" and it was "impossible to understand what acts [were] relevant to what claims and [gave] rise to what damages." (Docket No. 11.) Yet despite the Court's clear and specific direction to amend the Initial Complaint "to provide a 'short and plain

statement' of each claim, showing [Plaintiff's] entitlement to the relief he seeks for each claim" and to arrange facts "in relation to each claim, not bunched in a narrative," the Amended Complaint still suffers, almost stubbornly, from the exact same infirmities the Court has determined doomed the Initial Complaint.

Among other things, the Amended Complaint fails to comply with the Court's Order that facts be arranged in relation to each Cause of Action. Instead, under the various Causes of Action, Plaintiff continues to merely quote certain provisions of law and conclusorily state that Defendants have violated the law as set forth therein. (*See, e.g.*, Am. Cmpl. ¶¶ 73, 77, 81.) Indeed, Plaintiff's sole response to the Court's clear directive was to add two general headings to his factual narrative (*see* Am. Cmpl. pp. 5, 6); these headings fail to specify which particular facts, all of which remain bunched in a narrative, relate to each of his multiple claims under the ADA and NYC HRL.[6]

Furthermore, the Order directed Plaintiff to allege damages in relation to each count, which he has utterly failed to do — the Amended Complaint continues to repeatedly allege only that "Plaintiff has been damaged as set forth herein." (*See* Am. Cmpl. ¶¶ 61, 66, 70, 74, 78, 82.) Simply put, Plaintiff's changes in the Amended Complaint can best be described as cosmetic, and fail to correct the violations of FRCP 8(a) specified in the Court's July 3rd Order.

Moreover, it is significant that the Court has already granted Plaintiff leave, and indeed specifically directed Plaintiff how, to amend his Initial Complaint to address his violations of FRCP 8(a). As noted above, dismissal is permissible "where leave to amend has been previously given and the successive pleadings remain prolix

---

[6] Plaintiff adds a few new factual allegations to the narrative in his Amended Complaint, (*see, e.g.*, Am. Cmpl. ¶¶ 40, 43, 44, 51), however, none of these allegations are pleaded in relation to any particular Cause of Action in the Amended Complaint.

and unintelligible." *See Salahuddin*, 861 F.2d at 42; *see also Tafari v. Rock*, No. 10-cv-0729, 2012 WL 1340799, *3 (E.D.N.Y. Apr. 18, 2012) (dismissing complaint without leave to amend where plaintiff failed to set forth any plausible claims in his complaint, which was confused, ambiguous, vague and otherwise unintelligible). The Court here has provided Plaintiff Mercier an opportunity to amend his Initial Complaint, and the resulting Amended Complaint is just as "inordinately confusing, prolix and generally violative of [FRCP] 8(a)" as before.  (Docket No. 11.)  If anything is clear on this subject, it is that the Amended Complaint, just like the Initial Complaint, does not present the alleged facts or damages relating to each of the statutory violations Plaintiff conclusorily claims has occurred.

Accordingly, the Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted, with prejudice.  *See, e.g.*, *Hernandez*, 1997 WL 582879 at *2 (dismissing Second Amended Complaint with prejudice where the differences between the First and Second Amended Complaints were *de minimis* and did not cure the defects in the First Amended Complaint); *see also Wendell Bail Bonding Co. #0811 v. Cuomo*, No. 10-cv-4022, 2011 WL 5546929, *2 (E.D.N.Y. Nov. 10, 2011) (dismissing *pro se* complaint pursuant to FRCP 8(a) and 12(b)(6) where the Court remained "unable to discern the nature of plaintiff's claim").[7]

---

[7] Plaintiff's failure to amend the Initial Complaint in accordance with the Court's July 3rd Order also arguably provides a basis for dismissal under FRCP 41(b), which allows a district court to dismiss a complaint for failure to comply with a court order.  *See Aguilar v. Kirschenbaum & Phillips, P.C.*, No. 11-cv-1085, 2012 WL 1744852, *2 (E.D.N.Y. May 15, 2012) (dismissing amended complaint with prejudice for plaintiff's failure to prosecute and failure to comply with court order to, *inter alia*, file an affidavit and appear at pre-trial conference) (citing *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)).

4826-8544-5904.5

III.   **THE FIRST CAUSE OF ACTION MUST BE DISMISSED AS TO ANY
ALLEGED CLAIM FOR INTERFERENCE UNDER THE FMLA.**

Even if the Court finds that the Amended Complaint complies with FRCP
8(a), certain of Plaintiff's Causes of Action should still be dismissed for failure to state a
claim pursuant to FRCP 12(b)(6).  In the First Cause of Action, Plaintiff merely recites
the portion of the FMLA prohibiting an employer from interfering with an employee's
exercise of rights or discriminating against the employee for opposing any practice made
unlawful by the FMLA.  (Am. Cmpl. ¶ 59.)  It appears from this vague, conclusory and
confusing cause of action that Plaintiff is attempting to plead claims for both
interference and retaliation under the FMLA.  However, as it is apparent from the face
of the Amended Complaint that Defendants neither denied Plaintiff any FMLA benefits
to which he was entitled, nor interfered with his FMLA leave in any other way, Plaintiff
has failed to state a claim for FMLA interference and the First Cause of Action, to the
extent it alleges an interference claim, must be dismissed.

Courts in this Circuit have recognized two types of FMLA claims –
interference claims and retaliation claims.  *See Serby v. New York City Dep't of Educ.*,
No. 09-CV-2727, 2012 WL 928194, *6 (E.D.N.Y. Mar. 19, 2012); *Di Giovanna v. Beth
Israel Med. Ctr.*, 651 F. Supp. 2d 193, 198-99 (S.D.N.Y. 2009).  Interference claims arise
when an employer impedes the employee's exercise of his substantive rights under the
statute; retaliation claims, in contrast, arise when an employee suffers an adverse
employment action for requesting or taking leave.  *See, e.g.*, *Penberg v. Healthbridge
Mgmt.*, 823 F. Supp. 2d 166, 179 (E.D.N.Y. 2011).  In FMLA interference cases, a
plaintiff may establish a *prima facie* case by demonstrating (1) that he is an "eligible
employee" under the FMLA; (2) that the defendant is an "employer" as defined in the

FMLA; (3) that he was entitled to leave under the FMLA; (4) that he gave notice to defendant of his intention to take leave; and (5) that he was denied benefits to which he was otherwise entitled under the FMLA. *See, e.g.*, *Di Giovanna*, 651 F. Supp. 2d at 199.

Here, Plaintiff was on disability leave for just over 12 weeks (from December 8, 2010 until March 5, 2011) (Am. Cmpl. ¶¶ 36, 39); thus, he actually received slightly more leave than he was entitled to under the FMLA. *See* 29 U.S.C. § 2612(a)(1). Further, Plaintiff returned to work on March 5, 2011 to the position he held prior to his leave. (Am. Cmpl. ¶ 39.) It is therefore plain on the face of the Amended Complaint that Plaintiff has failed to allege, as required, that he was denied benefits to which he was entitled under the FMLA. *See, e.g.*, *Penberg*, 823 F. Supp. 2d at 179 (finding no basis for plaintiff's FMLA interference claim where plaintiff only alleges that an adverse employment action was taken "*after* he took leave") (emphasis in original); *Yanklowski v. Brockport Central Sch. Dist.*, 795 F. Supp. 2d 426, 428 (W.D.N.Y. 2011) (granting employer's motion to dismiss FMLA interference claim where "Plaintiff has not produced any evidence that she was denied any benefit to which she was entitled").

Furthermore, Plaintiff's now vaguely discernible claim that Defendants "interfered" with his FMLA leave by asking him to provide testimony to the EEOC regarding a sexual harassment investigation during his FMLA leave, (*see* Am. Cmpl. ¶¶ 37-38), fails as a matter of law. For example, courts in this Circuit have held that fielding occasional calls while on leave does not abrogate or interfere with the exercise of an employee's FMLA rights. *See Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 537 (S.D.N.Y. 2009). In fact, where a plaintiff does not produce any work product, does not go into the office, is not required to complete any assignments and does not assume his or her normal duties during the 12 weeks of FMLA leave, the employer cannot be said to

have "interfered" with the employee's FMLA rights. *See id.*; *see also Grindstaff v. Sun Chem. Corp.*, No. 09-cv-450, 2010 WL 4878953, *14 (S.D. Ohio Nov. 22, 2010) (finding no FMLA interference where plaintiff's claim was based solely on attending a lunch meeting with his supervisor during leave); *Soehner v. Time Warner Cable, Inc.*, No. 08-cv-166, 2009 WL 3855176, *4-5 (S.D. Ohio Nov. 16, 2009) (finding no interference with FMLA where, *inter alia*, employee chose of his own accord to work during leave and never instructed his employer not to call him nor informed his employer that he felt too fatigued to do the work).

In contrast, a plaintiff stated a plausible claim of interference where her employer made *repeated* demands for work product in the face of her objections that she was on FMLA leave. *See Zahler v. Empire Merch., LLC*, No. 11-cv-3163, 2012 WL 273698, *8-9 (E.D.N.Y. Jan. 31, 2012). Plaintiff Mercier has made no such allegations here. He does not claim he was required to perform any work, and the only facts he has alleged with respect to any possible "interference" claim is that, during his leave, he was contacted about testifying in a sexual harassment proceeding and he did actually testify. (Am. Cmpl. ¶¶ 37-38.) Plaintiff has not alleged that he was required to testify, that he ever objected to providing testimony, or that doing so impeded his recovery in any way. As such, Plaintiff's allegations about testifying during his leave clearly fall within the category of allowable contact and do not constitute "interference" with FMLA rights as a matter of law.

Accordingly, Plaintiff has failed to allege facts sufficient to establish a plausible claim for interference under the FMLA, and the First Cause of Action must therefore be dismissed to the extent that it alleges any such interference.

IV.   **ANY CLAIMS OF RETALIATION FOR PLAINTIFF'S TESTIMONY IN THE SEXUAL HARASSMENT INVESTIGATION HAVE BEEN IRREVOCABLY WAIVED.**

By including a claim for retaliation under New York Labor Law Section 740 in his Initial Complaint, Plaintiff has waived any other retaliation claim he might have that arises out of the same "whistleblowing" conduct as his prior Section 740 claim.[8]  The law is clear that this waiver applies even if, as is the case here, Plaintiff later removes the Section 740 claim through amendment.  Accordingly, to the extent that any portion of the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action allege claims for retaliation based on such alleged whistleblowing, those claims must be dismissed.

Section 740 contains an election of remedies provision stating that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under *any other* contract, collective bargaining agreement, law, rule or regulation or under the common law."  N.Y. Labor Law § 740(7) (emphasis added).  Plaintiff's Initial Complaint pleaded a Section 740 claim arising from his alleged participation as a witness in the unrelated Ascencao case.  He has now, in his Amended Complaint, removed his Section 740 cause of action.  However, in at least two places, Plaintiff continues to allege that Defendants discriminated or retaliated against him because of his testimony in the Ascencao sexual harassment proceeding.  (Am. Cmpl. ¶¶ 51, 52.)[9]

---

[8] Plaintiff's Tenth Cause of Action in the Initial Complaint asserted that Defendant Verizon retaliated against him in violation of New York Labor Law Section 740 because of his testimony in an unrelated sexual harassment suit regarding Verizon's alleged employment violations.  (Initial Cmpl. ¶¶ 35, 92-96.)

[9] In addition, due to the confusing, vague and conclusory nature of many of Plaintiff's Causes of Action in the Amended Complaint (as previously noted, often just quoting the law and stating that Defendants have violated the law as set forth therein (*see, e.g.*, Am. Cmpl. ¶¶ 73, 77, 81), it is unclear whether and which of the Causes of Action under the NYC HRL still allege retaliation for participation in the Ascencao sexual harassment investigation.

4826-8544-5904.5

State courts have consistently applied Section 740's waiver provision literally, and routinely dismiss as waived "all claims that 'arise out of the same acts' as those that gave rise to the Labor Law § 740 claim, and/or that 'relate to' the retaliatory action(s)"—such as termination of employment—"on which the § 740 claim is based." *Owitz v. Beth Israel Med. Ctr.*, 1 Misc.3d 912(A), 2004 WL 258087, *3 (N.Y. Sup. Ct. Jan. 29, 2004). In fact, state courts have regularly applied this waiver to all types of discrimination claims under the New York State Human Rights Law ("NYS HRL") and NYC HRL. *See, e.g.*, *Feinman v. Morgan Stanley Dean Witter*, 752 N.Y.S.2d 229, 232 (N.Y. Sup. Ct. 2002) (dismissing NYS HRL age discrimination claim as waived); *Owitz*, 2004 WL 258087 at *3 (dismissing sexual harassment claims under the NYS HRL and NYC HRL as waived); *Deshpande v. TJH Med. Servs.*, 861 N.Y.S.2d 697, 700 (N.Y. App. Div. 2d Dep't 2008) (dismissing claims for national origin retaliatory discharge under the NYS HRL and NYC HRL).

New York federal district courts, however, have adopted an interpretative approach to Section 740's waiver, (*see, e.g.*, *Kramsky v. Chetrit Group, LLC*, No. 10 CV 2638, 2010 WL 4628299, *5 (S.D.N.Y. Nov. 16, 2010) (noting that federal courts follow a more narrow interpretation than the state courts); *Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008, 2009 WL 1706590, *4 (E.D.N.Y. Jun. 16, 2009) (noting conflict between state and federal court interpretations)), and one significant decision discussed below applied the waiver provision in an especially narrow manner. Nonetheless, analysis of the federal court decisions applying a more forgiving standard to Section 740's waiver provision inescapably leads to the conclusion that Plaintiff's claims of retaliation for his "whistleblowing" testimony in the Janine Ascencao investigation (stated or implied in various Causes of Action in the Amended Complaint) must be

dismissed as they seek to remedy the same exact course of conduct by Defendant
Verizon which Plaintiff chose to claim as a violation of Section 740 in the Initial
Complaint.

Put another way, the emerging consensus in the Circuit is that the waiver
required by Section 740 applies to all other claims for the same "whistleblowing"
retaliation. For example, in *Kramsky v. Chetrit Group, LLC, supra,* the Court allowed a
plaintiff's claims of religious discrimination based on a hostile work environment to
survive, but dismissed as waived all of the plaintiff's claims under the New York Labor
Law and the NYC HRL for retaliatory discharge for complaining about smoking in the
workplace, which was the underpinning of his Section 740 claim. *See* 2010 WL
4628299 at *5-6. *See also Nicholls v. Brookdale Univ. Hosp. Med. Ctr.,* No. 03-CV-
6233, 2004 WL 1533831, *6 (E.D.N.Y. Jul. 9, 2004) (dismissing plaintiff's NYS HRL and
NYC HRL claims to the extent they are "based on the alleged retaliation"). Therefore,
even under the federal courts' interpretation of the Section 740 waiver provision, all of
Plaintiff's claims of retaliation for his "testimony" in the Ascencao sexual harassment
proceeding must be dismissed.

Similarly, *Collette v. St. Luke's Roosevelt Hosp.,* 132 F. Supp. 2d 256
(S.D.N.Y. 2001), an older district court case on Section 740(7)'s waiver provision can, we
submit, be reconciled with the more recent holdings cited above, which have not
expressly repudiated it. There, the court ruled that the waiver should prohibit only
"claims that duplicate or overlap the statutory remedies for retaliation on account of
whistleblowing activity alone." *Id.* at 274. Here, Plaintiff Mercier's prior Section 740
claim alleging retaliation for his alleged whistleblowing "testimony" in regard to the
sexual harassment claimed by Ascencao overlaps his other retaliation claims under the

4826-8544-5904.5

NYC HRL to the extent they seek the same remedy for the exact same alleged retaliation by the Defendants. Likewise reconcilable with Defendants' position here is the Second Circuit's statement that Section 740(7)'s waiver applies to "rights and remedies concerning whistleblowing" and not to claims that seek to address other employment discrimination. *See, e.g.*, *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 134 (2d Cir. 2007) ("Federal district courts, in contrast, generally interpret the waiver as applying only to rights and remedies concerning whistleblowing and therefore deem it not to apply, for example, to claims of employment discrimination.") (internal citations omitted).

Defendants' instant motion is addressed only to Plaintiff's claims grounded in alleged retaliation for his alleged whistleblowing testimony in the Ascencao matter. For example, Plaintiff's Sixth Cause of Action, which is just as vague and conclusory as his other causes of action, appears to claim a violation of the NYC HRL's provision relating to coercion, intimidation, threats or interference with a "person on account of his having aided" another person in the exercise of rights protected by the NYC HRL. We must therefore view this cause of action as seeking redress for Plaintiff having "aided" Janine Ascencao by giving alleged "whistleblowing" testimony in the investigation of her sexual harassment claim. (Am. Cmpl. ¶¶ 37-38.) This is the same claim of retaliation that Plaintiff asserted in the Tenth Cause of Action in the Initial Complaint, and it is therefore barred by Section 740's waiver provision. Plaintiff should not, moreover, be permitted to avoid dismissal of his overlapping NYC HRL retaliation claims by virtue of having filed an equally obfuscatory amended pleading.

Significantly, both New York state and federal courts agree that once a Section 740 claim has been filed, the waiver remains effective and cannot be cured by

amending the complaint to remove the Section 740 claim. *See, e.g., Bones v. Prudential Fin., Inc.*, 863 N.Y.S.2d 368, 368 (N.Y. App. Div. 1st Dep't 2008) (holding that "waiver may not be avoided by a plaintiff by amending the complaint to withdraw the Labor Law § 740 claim"); *Kramsky*, 2010 WL 4628299 at *4 ("[T]he filing of an amended pleading cannot change the rule that the section 740(7) waiver clause is triggered at the moment when a section 740 cause of action is filed, regardless of whether that cause of action is deleted via later amendment."). Thus, Plaintiff's removal of his Section 740 cause of action in the Amended Complaint is of no help to him on the required waiver.

Accordingly, to the extent that any portion of the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are based on alleged retaliation for Plaintiff's whistleblowing testimony in the Ascencao investigation, Plaintiff cannot escape the fact that these claims have been irrevocably waived by Section 740's waiver requirement. *See, e.g., Kramsky*, 2010 WL 4628299; *Nicholls*, 2004 WL 1533831.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, or, in the alternative, dismiss the First Cause of Action to the extent it alleges a claim for "interference" under the Family and Medical Leave Act, and the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action to the extent that such claims are based on retaliation for the same whistleblowing activity that formed the basis of Plaintiff's previously alleged claim under New York Labor Law § 740.

4826-8544-5904.5

Dated:  New York, New York
        July 31, 2012

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: _____
    Harlan J. Silverstein (HJS-4114)
    Erica E. Frank (EF-1007)

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

*Attorneys for Defendants*

-17-