UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.: **12-CV-02064 (AKH)**
STEVEN MERCIER,

                          Plaintiff,

    - against -

CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,
and MARK LAVORGNA, *Individually,* and
MICHELE MCKITRICK, *Individually,*

                        Defendants.
-------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS


**PHILLIPS & PHILLIPS,**
**Attorneys at Law, PLLC**
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431

Plaintiff, STEVEN MERCIER, by and through his attorneys, PHILLIPS & PHILLIPS, Attorneys at Law, PLLC, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff MERCIER respectfully submits that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) must be denied in its entirety as a matter of law because Plaintiff's Complaint sufficiently alleged facts to support his claims.

## LEGAL ARGUMENT

### I. THE APPLICABLE STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. Diaz v. NBC Universal, Inc., 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008).

"A court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. A complaint need not contain detailed factual allegations, but it must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Semper v. New York Methodist Hosp., 2011 WL 1240551, 3 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

### II. PLAINTIFF HAS FULLY COMPLIED WITH THE COURT'S JULY 3, 2012 ORDER

On July 3, 2012, the Court issued an Order directing that Plaintiff provide an amended complaint with a "short and plain statement" of each claim, showing his entitlement to the relief

1

that he seeks for each claim. Fed. R. Civ. P. 8(a)(2). The Court further ordered that the facts shall be arranged in relation to each claim and not clustered in one narrative. (Docket No. 11).

In compliance with the Court's Order, Plaintiff filed an Amended Complaint on July 16, 2012. (Docket No. 12). In the Amended Complaint, Plaintiff sets out facts arising under each cause of action. By way of example, facts pertaining to violations of the FMLA are clearly articulated under the heading: "Material Facts Regarding Violations of the FMLA." In addition, facts in relation to discrimination on the basis of disability are outlined under the heading: "Material Facts Regarding Discrimination Based on Disability in Violation of the ADA and NYCHRL."

Moreover, the Amended Complaint sets out each cause of action under a heading clearly conveying the authority, which allows for relief. For instance, the first cause of action for interference and retaliation under the FMLA is expressed under the heading: "As a First Cause of Action for Interference & Retaliation under the Family and Medical Leave Act."

The Court in its Order also directed that "damages shall be arranged in relation to each count." Plaintiff points to the *Wherefore Clause*, ¶ C-H of the Amended Complaint, wherein the Plaintiff sets forth damages arising out of each count. For example, Plaintiff requests damages for all lost wages, benefits resulting from Defendants discriminatory employment practices and unlawful termination of Plaintiff's employment. (*Amended Complaint* ¶ C). In addition, Plaintiff requests compensatory damages for his mental, emotional injury, distress, pain and suffering and injury to reputation. (*Amended Complaint* ¶ D).

Therefore, Plaintiff has complied with the Court's July 3 Order, and Defendants' argument that Plaintiff did not comply with the Order must be discounted.

### III. PLAINTIFF HAS SUFFICIENTLY PLEAD A "FACIALLY PLAUSIBLE" CLAIM OF RETALIATION FOR EXERCISING HIS FMLA RIGHTS

To establish a *prima facie* case of retaliation under the FMLA, a Plaintiff must demonstrate that (1) he engaged in protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against him, and (4) a causal connection exists between the protected activity and the adverse action. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161 (2d. Cir. 2006) (internal quotations omitted.)

In this case, Plaintiff's Amended Complaint clearly pleads that Plaintiff exercised his protected rights under the FMLA by taking FMLA qualifying leave. *See, Id.* at 168 (2d. Cir. 2006); (*Amended Complaint*, ¶ 36) Plaintiff was out of work on authorized FMLA leave for approximately twelve (12) weeks, as such, Defendants were aware of Plaintiff's leave. (*Amended Complaint*, ¶ 36, 39).

Plaintiff satisfies the third prong (an adverse employment action) because upon his return to work from authorized FMLA leave he experienced discriminatory and retaliatory treatment. (*Amended Complaint*, ¶ 41). Specifically, on Plaintiff's first day back to work following his authorized FMLA leave, his monthly quota was increased to 85 new contract from his original quota of 75. (*Amended Complaint*, ¶ 42). In addition, the Supreme Court of the United States redefined what is necessary in proving a Retaliation case in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405 (2006). Now the **focus now must be on whether an employment action could be considered materially adverse to a reasonable employee."** *Burlington Northern*, 126 S.Ct. 2405, 2415 (2006) (emphasis added,) and it cannot be contested that increasing quotas requirements would not be materially adverse to a reasonable employee.

Plaintiff has also sufficiently plead the fourth prong of a *prima facie* case of retaliation because "In this circuit, a plaintiff can indirectly show a causal connection to support a

3

discrimination or retaliation claim **by showing that the protected activity was closely followed in time by the adverse [employment] action**." *Gorman-Bakos v. Cornell Coop. Extension of Schenectady County*, 252 F. 3d 545, 554 (2d Cir. 2001) emphasis added; See also *Boise v. New York University*, 2003 WL 22390792 (2003) (citing *Clark Co. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)). Here, the adverse actions occurred **on the same day Plaintiff returned to work following his authorized FMLA leave**, which is the closest temporal proximity that can occur) (*Amended Complaint* ¶ 41, 42.) Therefore, Plaintiff has sufficiently pleaded his claim of FMLA retaliation, and Defendants' argument that the complaint is devoid of facts to form the basis of any FMLA-based claim, must be disregarded.

## IV. PLAINTIFF HAS SUFFICIENTLY PLEAD A "FACIALLY PLAUSIBLE" CLAIM OF INTERFERENCE WITH HIS FMLA RIGHTS

As for Plaintiff's allegation of interference with his FMLA rights, Plaintiff must only show that she "she was denied benefits to which she was entitled under the FMLA." *Brown v. Pension Bds.*, 488 F. Supp.2d 395, 408 (S.D.N.Y. 2007) (citing *Garraway v. Solomon R. Guggenheim Found.*, 415 F. Supp.2d 377, 382 (S.D.N.Y. 2006.))[1] "The FMLA gives eligible employees an **'entitlement'** to **twelve workweeks per year of unpaid leave** '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position

---

[1] Generally, to establish a claim for interference with FMLA rights, a plaintiff must demonstrate the following: (1) she was an eligible employee under the FMLA; (2) her employer is an "employer" under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave notice to her employer of her intention to take leave; and (5) she was denied benefits to which she was entitled under the FMLA. *Brown v. Pension Bds.*, 488 F. Supp.2d 395, 408 (S.D.N.Y. 2007) (internal citations omitted]); *Avila-Blum v. Casa de Cambio Delgado, Inc.*, 519 F.Supp.2d 423, 427 (S.D.N.Y. 2007). In this case, Defendants do not deny or dispute that Plaintiff can meet the first three prongs of her interference claim. In addition, "[t]he FMLA 'creates a private right of action to seek both equitable relief and money damages against any employer (**including a public agency**) in any Federal or State court of competent jurisdiction' should that employer 'interfere with, restrain, or deny the exercise of' FMLA rights." *Sista*, 445 F.3d at 174 (quoting *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 [2003]).

of such employee.'" *Sista v. CDC Ixis N Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (quoting 29 U.S.C. § 2612[a][1][D]).

In the case at bar, Plaintiff was entitled to twelve weeks of leave under the FMLA, and during this leave, Defendants' interfered with Plaintiff's leave. (*Amended Complaint* ¶ 37). Defendants assert that that from the face of the Amended Complaint that Defendants interfered with his FMLA leave. However, the Amended Complaint clearly articulates that Defendants' contacted Plaintiff so that he may testify in a sexual harassment suit filed against Defendants. (*Amended Complaint* ¶ 37). During Plaintiff's FMLA leave and pursuant to Defendants' request, Plaintiff testified at the Federal Justice Department. (*Amended Complaint* ¶ 38). Therefore, Defendants *interfered* with Plaintiff's FMLA leave.

Accordingly, Defendants' arguments should be ignored and their motion denied as to Plaintiff's FMLA claims.

## V. PLAINTIFF'S CLAIMS OF RETALIATION UNDER THE ADA, THE NYCHRL, AND THE FMLA ARE NOT BARRED BY NEW YORK LABOR LAW § 740

Plaintiff MERCIER's claims for retaliation under the ADA, the NYCHRL, and the FMLA are not barred by the election of remedies provision of Section 740 of the New York Labor Law since these claims are based on facts that are separate and distinct from those originally asserted which gave rise to his Section 740 claim.

The waiver provision of Section 740(7) of the New York State Labor Law only applies to causes of action that arise from the same course of conduct as the whistleblower cause of action. *See, Nicholls v. Brookdale University Hospital Medical Center*, 2004 WL 1533831 (E.D.N.Y. 2004). In fact, the notion that non-whistleblower claims are barred by Section 740(7)'s waiver fails the most basic rules of statutory construction and has been rejected by the overwhelming majority of New York courts. *See, e.g. Collette v. St. Luke's Roosevelt Hosp.*, 132 F.Supp.2d 256,

5

271 (S.D.N.Y. 2001) (a construction of Subsection 7 that limits the reach of its waiver clause only to rights and remedies that protect whistleblowing as defined in the Act, is consistent with the statutory scheme as a whole); *Nicholls v. The Brookdale Univ. Hosp. Med. Cntr.*, 2004 WL 1533831, at *6 (E.D.N.Y. Jul. 9, 2004) ("Holding that the waiver does not apply to claims under federal law, avoids serious federal constitutional problems, which would be raised were a state statute to nullify a federal provision."); *Reddington v. Staten Island Univ. Hosp.*, 373 F.Supp.2d 177, 187-88 (E.D.N.Y.2005) ("[A] cause of action under § 740 does not act as a waiver of federal causes of action because an effort by New York to condition a state law right on the waiver of arguably unrelated *federal* rights would raise serious constitutional questions.")(internal citations and quotations omitted); *Kapner v. Riverside Wine & Liquor, Inc.*, 2011 WL 5154608, 6 (W.D.N.Y.,2011) ("[T]he Court agrees ... that Federal claims are *not* waived by a plaintiff who makes a section 740 claim."); *Bordan v. North Shore University Hosp.*, 275 A.D.2d 335, 712 N.Y.S.2d 155, 157 (2nd Dep't 2000) ("the cause of action to recover damages for tortious interference with contract asserted against Defendants was separate and independent from the Labor Law § 740 claim, and should not have been similarly dismissed); *Dubois v. Brookdale University Hosp.*, 6 Misc.3d 1023, 800 N.Y.S.2d 345, p. 13 (Sup. Ct. Kings County 2004) ("only those causes of action which allege that defendants retaliated against plaintiff for filing notices of unsafe staffing, for her union activities and for the filing of a complaint with the NLRB give rise to the Labor Law § 740 claim, while her other claims are premised upon defendants' alleged violations of State and federal law against discrimination."); *Knighton v. Municipal Credit Union*, 71 A.D.3d 604, 2010 WL 1191638 (1st Dep't 2010) (holding that Section 740 did not bar claims for disability discrimination because that claim was "separate").

The Southern District of New York has even held that a plaintiff's Title VII, New York Executive Law and New York City Code claims were not waived because her claims were factually distinguishable from those that were the basis for her whistleblower claim. *Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256, 266-275 (S.D.N.Y. 2001). A limited construction of Section 740(7) must be applied by federal courts based upon a variety of factors, including the maxims of statutory construction, the fact that such a narrow construction is "reasonable and readily apparent," and the fact that the "New York Legislature ... shielded employers from the threat of having to defend overlapping claims, or to pay duplicate damages, for suits brought to redress violations of the new statutory right." *Id.* "Requiring the employee, as the price of asserting whistleblower protection, to waive any right he might have under independent causes of action (such as employment discrimination) that may have arisen from the same course of employer conduct as the retaliatory firing, will create a disincentive to invoking the Act's protection." *Id.* at 271. Furthermore, the practice commentaries to Section 740 state that Section 740(7) was "intended to avoid overlapping claims and duplicate recovery that might arise from an employer's retaliation for whistleblowing, [not] to require that a whistleblower automatically waives rights to redress harms unrelated to whistleblowing." *Id.*

In the present matter, Plaintiff MERCIER has pled factually distinct causes of action that occurred during similar time-periods but arose from different facts and circumstances. The facts which lead to Plaintiff MERCIER's whistleblower claim are separate and distinct from those which gave rise to Plaintiff MERCIER's failure to accommodate and retaliation claims. The facts upon which Plaintiff MERCIER originally based his cause of action for Section 740 are separate and distinct from the facts upon which Plaintiff MERCIER bases his discrimination and retaliation claims under the ADA, FMLA, and NYCHRL.

7

For example, Plaintiff MERCIER alleges that he was fired in retaliation for requesting a reasonable accommodation for his disability and in retaliation for exercising his rights under the FMLA. (*Amended Complaint*, ¶ 54). However, Plaintiff MERCIER's initial complaint alleged a violation of Section 740 arising out of his alleged "whistleblowing" in the Ascencao sexual harassment proceeding. **Thus, as Defendants state in their Memorandum of Law, "even under the federal courts' interpretation of the Section 740 waiver provision, all of Plaintiff's claims of retaliation for his 'testimony' in the Ascencao sexual harassment proceeding must be dismissed."** Def.'s Memo of Law, Page 14. *See, Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 134 (2d Cir. 2007)("Federal district courts ... generally interpret the waiver as applying only to rights and remedies concerning whistleblowing and therefore deem it not to apply, for example, to claims of employment discrimination.")(internal citations omitted).

Therefore, since Plaintiff MERCIER's ADA, NYCHRL, and FMLA claims do not arise out of the same set of nucleus facts, Plaintiff MERCIER's claims are not waived under Section 740(7) of the New York State Labor Law.

## CONCLUSION

For the foregoing reasons, Plaintiff MERCIER respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety, and order such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 14, 2012

                                          **PHILLIPS & PHILLIPS,**
                                          **ATTORNEYS AT LAW, PLLC**

                                          By: *J. Maldonado*
                                          Marjorie Mesidor, Esq. (MM9936)
                                          Jessenia Maldonado, Esq. (JM7811)
                                          *Attorneys for Plaintiff*
                                          30 Broad Street, 35th Floor
                                          New York, New York 10004
                                          (212) 248-7431

To:    Harlan J. Silverstein, Esq.
         Erica E. Frank, Esq.
         KAUFF MCGUIRE & MARGOLIS LLP
         *Attorneys for Defendants*
         950 Third Avenue, 14th Floor
         New York, N.Y. 10022
         (212) 644-1010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Case No.: **12-CV-02064 (AKH)**
STEVEN MERCIER,

                                  Plaintiff,
    - against -

CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,
and MARK LAVORGNA, *Individually,* and
MICHELE MCKITRICK, *Individually,*

                                  Defendants.
-------------------------------------------------------------------X

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

---

# PHILLIPS & PHILLIPS
**Attorneys at Law PLLC**
**Attorneys for Plaintiffs**
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-7431