UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN MERCIER,

               Plaintiff,

-against-

CELLCO PARTNERSHIP D/B/A VERIZON
WIRELESS, and MARK LAVORGNA,
*Individually*, and MICHELE MCKITRICK,
*Individually*,

               Defendants.

ECF CASE

12 Civ. 2064 (AKH)

---

### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

KAUFF MCGUIRE & MARGOLIS LLP
950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010
*Attorneys for Defendants*

4835-8744-0912.3

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ................................................................................................................................. 2

I. Plaintiff's Cosmetic Changes In The Amended Complaint Fail To Satisfy The Court's Explicit Instructions To State A Claim For Relief ............................... 2

II. Any Alleged Claim For Interference Under The FMLA Must Be Dismissed As A Matter Of Law................................................................................................ 3

III. Both Parties Agree That Any Claims Of Retaliation For Plaintiff's Testimony In The Sexual Harassment Investigation Have Been Irrevocably Waived..................................................................................................................... 5

CONCLUSION ............................................................................................................................. 6

-ii-

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Grindstaff v. Sun Chem. Corp.*,
   No. 09-cv-450, 2010 WL 4878953 (S.D. Ohio Nov. 22, 2010) ................................... 4

*Hernandez v. U.S. Supreme Court of N.Y. County*,
   No. 96 Civ. 4160, 1997 WL 582879 (S.D.N.Y. Sept. 18, 1997) ................................. 3

*Kramsky v. Chetrit Group, LLC*,
   No. 10 CV 2638, 2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010) ................................. 6

*Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*,
   No. 03-CV-6233, 2004 WL 1533831 (E.D.N.Y. Jul. 9, 2004) ................................... 6

*Reilly v. Revlon, Inc.*,
   620 F. Supp. 2d 524 (S.D.N.Y. 2009) ........................................................................ 4

*Soehner v. Time Warner Cable, Inc.*,
   No. 08-cv-166, 2009 WL 3855176 (S.D. Ohio Nov. 16, 2009) ................................. 4

## **PRELIMINARY STATEMENT**

Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Michele McKitrick and Mark Lavorgna (collectively, "Defendants"), respectfully submit this Reply Memorandum in further support of their motion to dismiss Plaintiff's Amended Complaint in its entirety, or, in the alternative, to dismiss (a) the First Cause of Action for failure to state a claim upon which relief can be granted to the extent it alleges a claim for "interference" under the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, and (b) the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action to the extent that such claims allege retaliation for Plaintiff's alleged whistleblowing participation in the sexual harassment investigation that formed the basis of Plaintiff's previously alleged claim under New York Labor Law § 740 ("Section 740"), a point that Plaintiff in fact appears to concede in his opposition papers.

As set forth in Defendants' opening brief, and largely uncontroverted by Plaintiff in his opposition, the Amended Complaint should be dismissed in its entirety because it violates Federal Rule of Civil Procedure 8(a) and fails to comply with this Court's July 3rd Order. Plaintiff's almost entirely cosmetic changes in the Amended Complaint fail to substantively address the deficiencies identified by the Court in its Order. Therefore, the Amended Complaint should be dismissed for the same reasons that the Court dismissed Plaintiff's Initial Complaint.

Furthermore, to the extent that the Amended Complaint is deemed to comply with FRCP 8(a), it still fails to state a claim upon which relief can be granted to the extent it purports to allege a claim for interference under the FMLA or a claim of retaliation under the New York City Human Rights Law ("NYC HRL"), Administrative

4835-8744-0912.3

Code § 8-107, for Plaintiff's alleged testimony in a prior sexual harassment investigation. As a matter of law, Plaintiff's participation in the sexual harassment investigation does not constitute interference with his FMLA rights. Plaintiff has neither cited a single case in support of his contrary theory, nor distinguished the case law relied upon by Defendants. Finally, although it appears at first glance that Plaintiff opposes Defendants' argument that Plaintiff's NYC HRL claims have been waived to the extent they are grounded upon alleged retaliation for his claimed whistleblowing pursuant to Section 740's waiver provision, Plaintiff in fact concedes the narrow waiver that Defendants seek—*i.e.*, waiver of only the NYC HRL whistleblowing retaliation claims, and not his claims for retaliation under the FMLA or disability discrimination or disability retaliation under the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, or the NYC HRL.

## ARGUMENT

I. <u>Plaintiff's Cosmetic Changes In The Amended Complaint Fail To Satisfy The Court's Explicit Instructions To State A Claim For Relief</u>.

Contrary to Plaintiff's argument, the Amended Complaint utterly fails to comply with the Court's clear and specific direction to "provide a 'short and plain statement' of each claim, showing his entitlement to the relief that he seeks for each claim" and arrange facts "in relation to each claim" and "not bunched in a narrative." (July 3, 2012 Order, Docket No. 11.) Plaintiff's factual allegations remain in a single, large narrative, separated solely by two generalized headings. (*See* Am. Cmpl. ¶¶ 29-57.) None of the Causes of Action contain any factual allegations. (*See* Am. Cmpl. ¶¶ 58-87.) Rather, each Cause of Action merely quotes certain provisions of law and conclusorily

states that Defendants have violated the law as set forth therein. (*See, e.g.*, Am. Cmpl. ¶¶ 73, 77, 81.)

Furthermore, the Order directed Plaintiff to allege damages in relation to each count, which he has utterly failed to do — the Amended Complaint continues to repeatedly allege only that "Plaintiff has been damaged as set forth herein." (*See* Am. Cmpl. ¶¶ 61, 66, 70, 74, 78, 82.) Plaintiff's assertion that he has complied with this directive by alleging damages in the *Wherefore Clause* is of no avail. (Pl.'s Br. p. 2.) Plaintiff was instructed to allege damages specific to each Cause of Action, and he clearly has not done so. Thus, the Amended Complaint, just like the Initial Complaint, does not present the alleged facts or damages relating to each of the statutory violations Plaintiff conclusorily claims has occurred. The cosmetic changes in the Amended Complaint made by Plaintiff simply do not evince a good faith attempt to comply with the Court's Order. Accordingly, the Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. *See, e.g.*, *Hernandez v. U.S. Supreme Court of N.Y. County*, No. 96 Civ. 4160, 1997 WL 582879, *2 (S.D.N.Y. Sept. 18, 1997) (dismissing Second Amended Complaint with prejudice where the differences between the First and Second Amended Complaints were *de minimis* and did not cure the defects in the First Amended Complaint).

II. <u>Any Alleged Claim For Interference Under The FMLA Must Be Dismissed As A Matter Of Law.</u>

Plaintiff's arguments in opposition to Defendants' motion to dismiss appear to reflect confusion regarding which claims Defendants are actually seeking to dismiss and the reasons dismissal is required. Contrary to Plaintiff's assertions, Defendants are not seeking to dismiss, at this stage, any claims Plaintiff may have for

retaliation under the FMLA. (Pl.'s Br. pp. 3-4.) Defendants' actual argument, which Plaintiff has all but ignored, is that any claim for FMLA *interference* must be dismissed. Plaintiff has, in fact, failed to refute the case law cited by Defendants clearly demonstrating that Plaintiff's claim for interference fails as a matter of law.

Contrary to Plaintiff's argument, "contact[ing] Plaintiff so that he may testify in a sexual harassment suit" does not constitute interference with his FMLA rights. (Pl.'s Br. p. 5.) Plaintiff has failed to cite a single case to support his argument. Indeed, as Defendants established in their opening brief, when a plaintiff does not produce any work product, does not go into the office, is not required to complete any assignments and does not assume his or her normal duties during the 12 weeks of FMLA leave, the employer cannot be said to have "interfered" with the employee's FMLA rights. *See Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 537 (S.D.N.Y. 2009); *see also Grindstaff v. Sun Chem. Corp.*, No. 09-cv-450, 2010 WL 4878953, *14 (S.D. Ohio Nov. 22, 2010) (finding no FMLA interference where plaintiff's claim was based solely on attending a lunch meeting with his supervisor during leave); *Soehner v. Time Warner Cable, Inc.*, No. 08-cv-166, 2009 WL 3855176, *4-5 (S.D. Ohio Nov. 16, 2009) (finding no interference with FMLA where, *inter alia*, employee chose of his own accord to work during leave and never instructed his employer not to call him nor informed his employer that he felt too fatigued to do the work).

The Amended Complaint does not allege that Plaintiff was required to testify in the Ascencao matter, that he ever objected to providing testimony, or that doing so impeded his recovery in any way. (Am. Cmpl. ¶¶ 37-38.) As such, Plaintiff's allegations about testifying during his leave clearly fall within the category of minor, allowable contact and do not constitute "interference" with FMLA rights as a matter of

law. (*See* Defendants' Memorandum of Law in Support of Their Motion To Dismiss, hereinafter "Defendants' Initial Brief," pp. 10-11.) Accordingly, Plaintiff has failed to allege facts sufficient to establish a plausible claim for interference under the FMLA, and the First Cause of Action must therefore be dismissed to the extent that it alleges any such interference.

III. <u>Both Parties Agree That Any Claims of Retaliation For Plaintiff's Testimony in The Sexual Harassment Investigation Have Been Irrevocably Waived</u>.

Plaintiff's arguments with respect to the Section 740 waiver issue also appear to reflect confusion regarding Defendants' basis for their motion. In actuality, Defendants seek only to dismiss any NYC HRL claims Plaintiff may be alleging for retaliation based on his claimed whistleblowing testimony in a prior sexual harassment investigation. Notably, toward the end of his opposition brief, Plaintiff actually arrives at the conclusion that Defendants' argument is correct. (Pl.'s Br. pp. 7-8.)

As pointed out in Defendants' Initial Brief, Plaintiff's Amended Complaint still asserts in at least two places that Defendants discriminated or retaliated against him *because of* his alleged whistleblowing testimony in the Ascencao sexual harassment proceeding. (Am. Cmpl. ¶¶ 51, 52.)[1] Defendants have explicitly stated that they are not moving to dismiss Plaintiff's FMLA retaliation or ADA claims, nor any NYC HRL claims unrelated to the sexual harassment investigation. (*See* Defendants' Initial Brief, p. 15.) ("Defendants' instant motion is addressed only to Plaintiff's claims grounded in alleged retaliation for his alleged whistleblowing testimony in the Ascencao matter.").

---

[1] This is the same claim of retaliation that Plaintiff asserted in the Tenth Cause of Action in the Initial Complaint, and it is therefore barred by Section 740's waiver provision. Defendants' opening brief details how Plaintiff's Amended Complaint appears to replicate this claim in his NYC HRL Causes of Action. (*See* Defendants' Initial Brief, p. 12 n.9, p. 15.)

As Defendants have observed, both State and Federal court decisions in this Circuit instruct that Section 740's waiver provision requires dismissal of Plaintiff's claims of retaliation for his "whistleblowing" testimony in the Ascencao investigation, as such claims seek to remedy the same exact course of conduct by Defendant Verizon which Plaintiff chose to allege as a violation of Section 740 in the Initial Complaint. *See, e.g., Kramsky v. Chetrit Group, LLC*, No. 10 CV 2638, 2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010) (allowing claims of religious discrimination to survive, but dismissing as waived claims under the New York Labor Law and the NYC HRL for retaliatory discharge for complaining about smoking in the workplace, the underpinning of plaintiff's Section 740 claim); *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233, 2004 WL 1533831, *6 (E.D.N.Y. Jul. 9, 2004) (dismissing plaintiff's NYS HRL and NYC HRL claims to the extent they are "based on the alleged retaliation"). Indeed, following a confusing recitation of some of the applicable case law, Plaintiff cites Defendants' opening brief with approval for this proposition. (Pl.'s Br. p. 8.)

Accordingly, Plaintiff appears to agree with Defendants, and Defendants are correct, that to the extent that any portion of the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action is based on alleged retaliation for Plaintiff's whistleblowing testimony in the Ascencao investigation, the claim has been irrevocably waived by Section 740's waiver requirement and must be dismissed.

## CONCLUSION

For the reasons set forth herein and in Defendants' Memorandum of Law in Support of their Motion to Dismiss, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, or, in the alternative, dismiss the First

Cause of Action to the extent it alleges a claim for "interference" under the Family and Medical Leave Act, and the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action to the extent that such claims are based on retaliation for the same whistleblowing activity that formed the basis of Plaintiff's previously alleged claim under New York Labor Law Section 740.

Dated: New York, New York
August 21, 2012

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: _____
Harlan J. Silverstein (HJS-4114)
Erica E. Frank (EF-1007)

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

*Attorneys for Defendants*