UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN MERCIER,

      Plaintiff,

-against-

CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and MARK LAVORGNA, *Individually*, and MICHELE MCKITRICK, *Individually*,

      Defendants.

---

12 Civ. 2064 (AKH)

**ANSWER**

**ECF CASE**

  Defendants Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), Michele McKitrick ("McKitrick") and Mark Lavorgna ("Lavorgna") (collectively, "Defendants"), by their attorneys, Kauff McGuire & Margolis LLP, as and for their Answer to Plaintiff's Amended Complaint (the "Amended Complaint"), plead as follows:

  1. Paragraph 1 does not purport to set forth any allegations of fact to which a response is required. To the extent that Paragraph 1 is deemed to set forth any allegations of fact, Defendants deny those allegations.

  2. Paragraph 2 sets forth legal conclusions to which no response is required. To the extent Paragraph 2 may be deemed to set forth any allegations of fact, Defendants deny the allegations in Paragraph 2, except admit that the allegations in Paragraph 2 purport to bring claims pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq.

3. Paragraph 3 sets forth legal conclusions as to the Court's jurisdiction to which no response is required. To the extent Paragraph 3 may be deemed to set forth any allegations of fact, Defendants deny the allegations.

4. Paragraph 4 sets forth legal conclusions as to venue to which no response is required. To the extent Paragraph 4 may be deemed to set forth any allegations of fact, Defendants deny the allegations, except admit that Defendant Verizon Wireless conducts business in the County of New York, State of New York.

5. Paragraph 5 sets forth legal conclusions as to which no response is required. To the extent Paragraph 5 may be deemed to set forth any allegations of fact, Defendants deny the allegations, except admit that Plaintiff was employed by Verizon Wireless out of an office located at 915 Broadway, and performed work for Verizon Wireless, in New York, New York.

6. Defendant Verizon Wireless admits the allegations in Paragraph 6. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The Notice of Right to Sue referenced in Paragraph 7 speaks for itself and Defendants refer the Court to the actual document for its full text.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant Verizon Wireless denies the allegations in Paragraph 10, except admits that Defendant Verizon Wireless is a general partnership formed under the laws

of the State of Delaware. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12. Defendant Verizon Wireless denies the allegations in Paragraph 11. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13, except admit that Defendant Verizon Wireless maintains an office located at 915 Broadway, New York, New York 10010.

14. Defendants Verizon Wireless and Lavorgna deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14. Defendant McKitrick admits the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16, except admit that Defendant McKitrick has been a "Business Sales Manager" since November 1, 2010.

17. Defendants deny the allegations in Paragraph 17, except admit that Plaintiff reported to Defendant McKitrick from November 1, 2010 through the termination of his employment with Defendant Verizon Wireless.

18. Defendants Verizon Wireless and McKitrick deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Defendant Lavorgna denies the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20, except admit that Defendant Lavorgna has been an "Associate Director" since in or around 2009.

4821-1390-7217.3                                3

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22, except admit that Plaintiff was a Business Account Executive at Defendant Verizon Wireless's 915 Broadway location from in or around 2009 through the termination of his employment with Defendant Verizon Wireless.

23. Paragraph 23 sets forth legal conclusions to which no response is required. To the extent Paragraph 23 may be deemed to set forth any allegations of fact, Defendant Verizon Wireless denies those allegations, except admits that Defendant Verizon Wireless employs more than 15 employees. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24. Defendant Verizon Wireless admits the allegations in Paragraph 24.

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent Paragraph 25 may be deemed to set forth any allegations of fact, Defendants deny those allegations.

26. Paragraph 26 sets forth legal conclusions to which no response is required. To the extent Paragraph 26 may be deemed to set forth any allegations of fact, Defendants deny those allegations, except admit that Plaintiff was employed by Defendant Verizon Wireless for more than 12 months.

27. Paragraph 27 sets forth legal conclusions to which no response is required. To the extent Paragraph 27 may be deemed to set forth any allegations of fact, Defendants deny those allegations.

28. Defendants deny the allegations in Paragraph 28.

29. Defendant Verizon Wireless admits the allegations in Paragraph 29. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendant Verizon Wireless denies the allegations in Paragraph 30, except admits that in or around January 2010, Plaintiff began working as a Business Account Executive out of the Verizon Wireless office located at 915 Broadway, New York, New York 10010. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendant Verizon Wireless denies the allegations in Paragraph 31. Defendants McKitrick and Lavorgna deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34, except Defendant Verizon Wireless admits that Plaintiff received the Winner's Circle for 2006-2008 and the "President's Cabinet" for 2009 both with respect to his work in retail sales.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Defendant Verizon Wireless admits the allegations in Paragraph 36. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Defendant Verizon Wireless denies the allegations in Paragraph 37. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Defendant Verizon Wireless admits the allegations in Paragraph 39. Defendants McKitrick and Lavorgna each deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants Verizon Wireless and McKitrick deny the allegations in Paragraph 43. Defendant Lavorgna denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50, except admit that on or about July 8, 2011, Plaintiff was placed on a Written Performance Improvement Plan.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in the first sentence of Paragraph 53. Defendants deny knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54, and aver that Plaintiff's last day of employment was November 2, 2011 and that his employment was lawfully terminated.

55. Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 sets forth legal conclusions to which no response is required. To the extent Paragraph 56 may be deemed to set forth any allegations of fact, Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 sets forth legal conclusions to which no response is required. To the extent Paragraph 57 may be deemed to set forth any allegations of fact, Defendants deny the allegations in Paragraph 57.

## AS A FIRST CAUSE OF ACTION FOR INTERFERENCE & RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

58. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs.

59. Paragraph 59 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph 59 is deemed to set forth any allegations of fact, Defendants deny those allegations.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT ONLY AS AGAINST DEFENDANT VERIZON WIRELESS

62. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs.

63. Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph 64 is deemed to set forth any allegations of fact, Defendants deny those allegations.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

## AS A THIRD CAUSE OF ACTION UNDER THE ADA ONLY AS AGAINST DEFENDANT VERIZON WIRELESS RETALIATION

67. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "5"/67.

68. Paragraph "6"/68 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "6"/68 is deemed to set forth any allegations of fact, Defendants deny those allegations.

69. Defendants deny the allegations in Paragraph "7"/69.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "67"/70.

71. Paragraph "68"/71 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "68"/71 is deemed to set forth any allegations of fact, Defendants deny those allegations.

72. Defendants deny the allegations in Paragraph "69"/72.

73. Defendants deny the allegations in Paragraph "70"/73.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

74. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "71"/74.

75. Paragraph "72"/75 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "72"/75 is deemed to set forth any allegations of fact, Defendants deny those allegations.

76. Defendants deny the allegations in Paragraph "73"/76.

77. Defendants deny the allegations in Paragraph "74"/77.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

78. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "75"/78.

79. Paragraph "76"/79 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "76"/79 is deemed to set forth any allegations of fact, Defendants deny those allegations.

80. Defendants deny the allegations in Paragraph "77"/80.

81. Defendants deny the allegations in Paragraph "78"/81.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

82. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "79"/82.

83. Paragraph "80"/83 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "80"/83 is deemed to set forth any allegations of fact, Defendants deny those allegations.

84. Defendants deny the allegations in Paragraph "81"/84.

85. Defendants deny the allegations in Paragraph "82"/85.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

86. Defendants repeat and reallege their responses to each and every allegation made in the above Paragraphs in response to Paragraph "85"/86.

87. Paragraph "86"/87 does not set forth any allegations of fact to which a response is a required. To the extent that Paragraph "86"/87 is deemed to set forth any allegations of fact, Defendants deny those allegations.

88. Defendants deny the allegations in Paragraph "87"/88.

89. Defendants deny that Plaintiff is entitled to any of the damages sought in any of the WHEREFORE paragraphs in the Amended Complaint.

90. Defendants deny any allegations made in any headings contained in the Amended Complaint.

91. Defendants deny each and every allegation, statement, matter and thing in the Amended Complaint that is not expressly admitted or qualified herein.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, or as to which Plaintiff failed to exhaust his administrative remedies.

## THIRD DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

## FOURTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because Plaintiff was not a qualified individual with a disability as defined by the Americans with Disabilities Act or the New York City Human Rights Law.

## FIFTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because Plaintiff could not perform the essential functions of his job, with or without reasonable accommodation.

## SIXTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because Plaintiff did not request a reasonable accommodation.

## SEVENTH DEFENSE

The claims in the Amended Complaint are barred, in whole or in part, because all decisions made by Defendant Verizon Wireless with respect to Plaintiff, and all actions taken with respect to Plaintiff, were made for valid, legitimate, nondiscriminatory and nonretaliatory business reasons and in good faith compliance with all applicable laws.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Defendant Verizon Wireless has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, and because Plaintiff failed to avail himself of such policies, programs and procedures.

## NINTH DEFENSE

Plaintiff has not suffered any damages as a result of the alleged wrongful conduct.

## TENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

**ELEVENTH DEFENSE**

Defendant Verizon Wireless's liability and penalties, if any, under the NYCHRL should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of that statute.

**TWELFTH DEFENSE**

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same actions for nondiscriminatory and non-retaliatory reasons.

**THIRTEENTH DEFENSE**

Defendants McKitrick and Lavorgna cannot be held individually liable, in whole or in part, for the actions alleged in the Amended Complaint.

**FOURTEENTH DEFENSE**

Plaintiff is barred from asserting the claims in the Amended Complaint, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and/or unclean hands.

**FIFTEENTH DEFENSE**

Punitive damages are barred with respect to some or all of Plaintiff's claims because Plaintiff has not, and cannot, allege facts sufficient to meet the standard necessary to support an award of punitive damages and the applicable law does not entitle Plaintiff to punitive damages.

### SIXTEENTH DEFENSE

Plaintiff is not entitled to declaratory or injunctive relief for some or all of the claims asserted.

### SEVENTEENTH DEFENSE

Attorneys' fees are barred with respect to some or all of Plaintiff's claims because Plaintiff has not, and cannot, allege facts sufficient to meet the standard necessary to support an award of attorneys' fees.

### EIGHTEENTH DEFENSE

This action, and any relief sought by Plaintiff, is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants respectfully requests that this Court enter an Order: (a) dismissing the Amended Complaint in its entirety with prejudice; (b) awarding Defendants the costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court deems just and proper.

Dated: New York, New York
       October 17, 2012

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: _____
Harlan J. Silverstein (HJS-4114)
Erica E. Frank (EF-1007)

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of Defendants' Answer to Plaintiff's Amended Complaint to be served upon:

Marjorie Mesidor, Esq.
Phillips & Phillips
30 Broad Street, 35th Floor
New York, New York 10004

via electronic filing on October 17, 2012.

Dated: New York, New York
       October 17, 2012

_____
Erica E. Frank